UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTHUR BUDOVSKY, | 13 CR. 368 (DLC) |
| DEFENDANT-MOVANT | CIV. NO. _____ |
| V. | DECLARATION IN SUPPORT OF ARTHUR BUDOVSKY'S MOTION PURSUANT TO 28 U.S.C. § 2255 |
| UNITED STATES OF AMERICA, | |
| RESPONDENT. | |

MARSHALL A. MINTZ hereby declares, under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1. I am an attorney and represent Arthur Budovsky, the defendant-movant in the above captioned matter. As such, I submit this Declaration in support of Mr. Budovsky's motion, made pursuant to 28 U.S.C. § 2255, to vacate his conviction and sentence.

2. The statements made in these papers are upon information and belief, and are based on: (a) my discussions with Arthur Budovsky, (b) a review of documents filed in *United States v. Budovsky*, 13 Cr. 368 (DLC), (c) my discussions with attorneys who represented Mr. Budovsky in this matter, and (d) a review of the documents filed in the Second Circuit in *United States v. Budovsky*, 2d Cir. Docket No. 16-1564.

3. On May 20, 2013, Mr. Budovsky was charged in Superseding Indictment S1 13 Cr. 368 (DLC) with: conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) [Count One]; conspiracy to operate an unlicensed money transmission business in violation of 18 U.S.C. § 371 [Count Two]; and operation of an unlicensed money transmission business in violation of 18 U.S.C. § 1960 [Count Three].

4. On January 29, 2016, and pursuant to an agreement with the government, Mr. Budovsky appeared before the Hon. Denise L. Cote, United States District Judge, and entered a plea of guilty to Count One of that Superceding Indictment.

5. On May 6, 2016, Judge Cote sentenced Mr. Budovsky to a term of 240 months' imprisonment and ordered forfeiture in the amount of $122 million, a fine of $500,000, and a $100 special assessment. He is currently serving that sentence.

6. Mr. Budovsky appealed. His counsel filed a motion to withdraw, pursuant to *Anders v. California*, 386 U.S. 738 (1967), and the government moved to have the appeal dismissed or for summary affirmance of the conviction and sentence. On May 23, 2017, the Second Circuit granted the *Anders* motion and the motion for summary affirmance.

7. No petition for certiorari was sought and the conviction became final on August 21, 2017.

8. In order to avoid repetition, the facts set forth in the accompanying Memorandum of Law are incorporated by reference into this Declaration. As explained more fully in that Memorandum:

> (a) Mr. Budovsky's trial attorneys were constitutionally ineffective where they failed to be prepared for trial and were incapable of giving informed opinions to aid him in deciding to plead guilty. In addition, they incorrectly informed him that a specific plea offer had been made when the Court concluded it had not, and misled him into thinking he would be permitted to appeal a specific issue which may in fact have been waived by the guilty plea;
>
> (b) Mr. Budovsky's right to counsel was violated where the Court set

        an unreasonable trial schedule and then refused to adjourn the trial date so that his attorneys could be provide effective assistance; and,

(c)     Mr. Budovsky was denied the effective assistance of appellate counsel, who failed to recognize non-frivolous issues about whether the plea was involuntary and/or the government breached the plea agreement.

9. Those errors, individually or in combination, rendered the guilty plea invalid and actually or constructively denied Mr. Budovsky of his constitutional right to counsel.

10. In further support of this motion, attached to this Declaration as Exhibit A is the August 10, 2016, Declaration of Arthur Budovsky.

WHEREFORE, it is respectfully requested that the Court grant the motion in its entirety and vacate the conviction and sentence in this case.

I declare under penalty of perjury that the statements in this declaration are true and correct. 28 U.S.C. § 1746. Executed on August 16, 2018.

*/s/ Marshall A. Mintz*
MARSHALL A. MINTZ