**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARTHUR BUDOVSKY,                              13 CR. 368 (DLC)

        DEFENDANT-MOVANT                 CIV. NO. _____

    V.                                        **DECLARATION**

UNITED STATES OF AMERICA,

        RESPONDENT

    ARTHUR BUDOVSKY hereby declares, under penalty of perjury, pursuant to 28 U.S.C. § 1746:

    1. I am the defendant-movant in the above captioned case and make this declaration in support of my motion pursuant to 28 U.S.C. § 2255, based on my personal knowledge of the facts and circumstances.

    2. During the pretrial phase, I never met or spoke with any of the technical experts that the defense team was using.

    3. When I reviewed the discovery, I would prepare notes for my attorneys and direct them to certain evidence. However, my conversations with them made me believe they were not reading what I provided to them.

    4. My concerns about my attorneys not being prepared only increased when they repeatedly asked the Court to adjourn the trial because they were not, and could not, be ready in time for the February 1 trial date.

    5. In about mid-December 2015, my attorneys told me they had met with the prosecutors, who had mentioned a plea offer involving 15-years imprisonment. My attorneys did not say that there was any time limit on that offer.

    6. I told my attorneys I would accept the 15-year offer. But my attorneys then

1

came back to me and said that the prosecutor was actually not authorized to make that offer and I would have to plead guilty to a count which carried a 20-year maximum instead.

7. At that point my attorneys told me I would absolutely be convicted after trial because they were not ready, and I would be sentenced to the maximum of 30 years. Specifically, my attorneys told me that the trial would start in 3 days and "we will lose" because they were "not ready and not prepared."

8. My attorneys never talked to me about what my Sentencing Guidelines calculation would be or how that would matter to my sentence.

9. Part of the reason I decided to plead guilty was that my attorneys kept telling me the papers they filed and arguments they made in court explaining why they were not prepared would be a good record for an appeal of the order denying any adjournment of the trial date.

10. My attorneys also told me that the Court would not adjourn the trial if I asked for new counsel, so I felt than even requesting it would be pointless.

11. If I knew I could not appeal the decision not to adjourn the trial date, I would not have entered the guilty plea.

12. At the time I signed the plea agreement and entered my guilty plea, I felt I had no other option because my attorneys were very clear that they were not prepared for a trial and, as a result, I believed they could not defend me at all.

13. If my attorneys had told me they were familiar with the evidence and ready to defend me during a trial, I would not have pleaded guilty.

14. My appeals attorney only told me about the *Anders* brief right before he filed it.

I declare under penalty of perjury that the statements in this declaration are true and correct. 28 U.S.C. § 1746. Executed on August 10, 2018.

_____
ARTHUR BUDOVSKY